**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

ROBERT SCHOENSTEIN,

      Plaintiff,

v.                                             CASE NO.:

JOLLEY TROLLEY TRANSPORTATION
Of CLEARWATER, INC.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, ROBERT SCHOENSTEIN ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, JOLLEY TROLLEY TRANSPORTATION OF CLEARWATER, INC., ("Defendant"), and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

      1.      This is an action for damages in excess of Thirty-Thousand Dollars ($30,000.00), exclusive of interest and costs, and equitable relief for violations of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10, *et seq,* and under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq..*

      2.      Venue lies within Pinellas County because a substantial part of the events giving rise to this claim arose in this county, including the unlawful discrimination which occurred at the Defendant's primary place of business located in this county.

      3.      At all times material, Plaintiff is and was a resident of Pinellas County, Florida.

      4.      Defendant is a Florida Not for Profit Corporation with its principal place of business located at 410 North Myrtle Avenue, Clearwater, Florida 33755. Defendant provides regularly

scheduled trolley transportation to multiple locations throughout Pinellas County and is a sub-contractor to the Pinellas Suncoast Transit Authority ("PSTA").   In addition to providing regularly scheduled trolley transportation for PTSA, Defendant also conducted regular charter trips for weddings, tourist and business events.

5.      Defendant has more than 50 employees and is an employer within the meaning of the FCRA and ADEA.

6.      Plaintiff, is 82 years of age and was an "employee" of Defendant within the meaning of the FCRA and ADEA.

7.      Plaintiff timely dual filed a written charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8.      On August 24, 2020 the EEOC issued a Dismissal and Notice of Rights attached hereto as Exhibit A.

9.      Pursuant to the workshare agreement with the EEOC and the FCHR, the filing a charge or complaint with one agency automatically serves as a charge filing with the other.  As the EEOC has issued a Dismissal and Notice of Rights, the Plaintiff has exhausted all administrative remedies and this action is timely filed.

10.     Plaintiff has met all conditions precedent to filing this lawsuit.

## GENERAL FACTUAL ALLEGATIONS

11.     Plaintiff was employed as a trolley driver by the Defendant from September 2014 until approximately January 2020.

12.     Plaintiff met or exceeded all the necessary requirements for the position of trolley driver and was capable of performing all essential functions of the job.  He was a qualified driver and employee.

13.     Plaintiff maintained a commercial driver's license while employed by Defendant.

14.     Plaintiff's driving record is unblemished.  He had been transporting passengers for more than four years as an employee of Jolley Trolley. He was the most senior driver on the staff with extensive prior experience of 14 years transporting passengers for the Pinellas County School District.

15.     Plaintiff had more driving experience than substantially younger drivers employed by Defendant, and was more qualified than his younger co-workers.

16.     In the first six months of 2018, Plaintiff worked five to six days a week, including extra charters, often one charter a week, occasionally two or three charters.  Plaintiff worked a full time, 40 hours per week schedule, and was paid as a full-time employee.  In fact, Plaintiff often worked more than 40 hours per week.

17.     After Plaintiff turned age 81, Defendant reduced his hours and cut his workload which significantly reduced Plaintiff's salary and income.

18.      During the first six months of 2019, because of the reduction in hours, and cut to workload, Plaintiff worked a full five-day week only twice.  Plaintiff's reduced schedule reflected a demotion to an inferior position as a part-time employee.

19.     Defendant offered no explanation for the reduction in work hours.  At the time of his demotion, Mr. Schoenstein had never been reprimanded, disciplined or otherwise advised of a deficiency in his work.

20.     At the same time Plaintiff's hours, workload, schedule and salary were being reduced, Defendant actually had an increased need for more drivers and did hire less experienced, substantially younger and underqualified drivers.  Plaintiff was being treated differently than lesser qualified, younger drivers.

21.     In the Spring of 2019, Mr. Schoenstein inquired to Jolley Trolley's operations director, Sue Eaton, as to why he was demoted.  Eaton responded "we have to keep you under the radar for insurance purposes."

22.     During the time Defendant reduced Plaintiff's workload he lost wages and salary and was damaged by Defendant cutting his work and pay. Defendant's workload and demand for drivers did not decrease. Defendant had a need for additional drivers, and was not struggling to find work for its younger drivers at the same time Defendant cut Plaintiff's, work and salary.

## DEFENDANT RETALIATED AGAINST MR. SCHOENSTEIN

23.      Between the September 4, September 8 and September 22, 2019 schedules Mr. Schoenstein worked a total of eight days with no charters.

24.     However, on September 19, 2019 Eaton again issued a weekly e-mail welcoming yet another new driver and advising "Again, we are in the busy season."

25.     During the entirety of his employment with Defendant, Plaintiff was never reprimanded, disciplined or counseled about a violation of policy, performance failure or deficiency.  In fact, he was noted for his good work and positive customer feedback.

26.     After receiving Ms. Eaton's email, and seeing a drastic reduction in workload Plaintiff began to inquire about his status of being placed "under the radar" for insurance purposes.

27.     Defendant advised Plaintiff that because of Plaintiff's increased age, insurance

premiums were more costly for him. Plaintiff objected to Defendant justifying the reduction in hours due to his age.

28.     On or about November 2019, Plaintiff advised the Defendant that he believed his demotion was motived by age bias and objected to using Plaintiff's age as justification for reducing his workload and pay and requested to be put back on a full time schedule.

29.     On November 22, 2019, after Plaintiff made multiple complaints about his reduced work schedule and keeping him under the radar due to age, Defendant presented Plaintiff with a hastily prepared list of alleged infractions and violations of company policy.  It was the first time during his employment that Mr. Schoenstein was presented with a formal document regarding work-place deficiencies.

30.     The document, called a Driving and Performance Review, was a clumsy, pretextual attempt to create legitimate non-discriminatory reasons for reducing Plaintiff's hours and salary and to ultimately terminate his employment.

31.     The document contains numerous inaccuracies and contradictions including fabricated violations, backdated complaints never previously presented to plaintiff, and a lack of corroborating evidence demonstrating violations.

32.     The document's credibility is itself suspect as it claimed to have documented numerous policy and/ or safety concerns that were "an ongoing issue from February 2019" yet Jolley Trolley waited nearly 10 months, until November 22, 2019 to present Mr. Schoenstein with the list of infractions.

33.     Defendant used this document to retaliate against Plaintiff for objecting to the use of his age as a criteria for reducing his workload. Defendant used this document to further limit Plaintiff's workload, and ultimately constructively terminate his employment.

34.     Soon after Plaintiff's complaints, Defendant only then claimed Plaintiff's performance was the reason for the reduced schedule, refusing to reinstate him to full time status.

35.     Because Plaintiff repeatedly questioned and objected to his demotion, and reduced hours, including objecting to the reduction in hours based on his age, Plaintiff engaged in protected activity.

36.     Defendant then refused to correct Plaintiff's workload and return him to his previous full-time schedule and hours.

37.     Defendant then created the "performance evaluation" as a pretext and cover for its true motives of reducing Plaintiff's workload because of his age.

38.     No similarly situated younger employee was subjected to a similar reduction in work hours and salary, or presented with a similar performance evaluation in the same manner.

39.     Defendant continued to reduce Plaintiff's hours and refused to return him to a regular, full time schedule following his objections.

**CONSTRUCTIVE TERMINATION**

40.     It is without question that Jolley Trolley created an environment that was designed to force Mr. Schoenstein out of his employment.

41.     Defendant did not experience a reduction of ridership or loss of passenger revenue that corresponded with Mr. Schoenstein's sudden reduction in hours and salary.  To the contrary, other younger drivers worked additional hours at the same time Mr. Schoenstein's hours were reduced.  Likewise, as referenced earlier, when Mr. Schoenstein's days and hours were being reduced, other drivers were hired.

42.     Contemporaneous with Mr. Schoenstein's reduced schedule Jolley Trolley was actively advertising for full time drivers.

43.     On January 24, 2020, when it became clear the age discrimination would continue, Mr. Schoenstein had no choice but to resign indicating that Defendant subjected him to financial distress by refusing to increase his workload and instead further decreasing shifts and hours.

44.     There are no legitimate, non-discriminatory reasons for the afore-stated discriminatory actions.  Plaintiff had an impeccable record with the company and was a model employee until he complained about age discrimination, thereafter Defendant subjected Plaintiff to reprimand for false infractions, punished Plaintiff by way of further decreased workload, and not providing Plaintiff a means to allegedly improve his performance.

45.     Moreover, the company ignored its progressive discipline policy by engaging in the above discriminatory actions without providing any prior notice to Plaintiff.  As the Eleventh Circuit held in *Chavez v. Credit Nation Auto Sales, LLC*, 641 Fed. Appx. 883 (11th Cir. 2016), failure to follow the company's progressive discipline policy is convincing evidence of discrimination.

46.     By reason of discrimination, Plaintiff has suffered damages for lost wages, lost benefits, emotional distress and other damages as a result of this unlawful conduct.

47.     Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

48.     Plaintiff requests a jury trial for all issues so triable.

## COUNT I
### Age Discrimination in Violation of the FCRA

49.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 48 as though fully set forth herein.

50.     Defendant's conduct as herein alleged violated the FCRA, which prohibits age discrimination.

51.     The foregoing actions of Defendant constitute discrimination against Plaintiff based upon his age. Plaintiff was subjected to disparate treatment based on his age.

52.     Plaintiff was subjected to an inferior position, reduced hours, lower wages based on his age.

53.     Plaintiff was constructively terminated based on his age.

54.     Defendant's actions were willful and done with malice.

55.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered injury, to which Plaintiff is entitled to legal and injunctive relief.

56.     Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT II**
**Retaliation in Violation of the FCRA**

57.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 48 as though fully set forth herein.

58.     Defendant's conduct as herein alleged violated the FCRA, which prohibits retaliation because of statutorily-protected activity.

59.     Plaintiff engaged in statutorily-protected activity under the FCRA by objecting to a demotion, reduction of hours, reduction of pay and adverse employment actions because of his age.  The foregoing actions of Defendant constitute retaliation against Plaintiff because of his statutorily-protected activity, including Defendant reprimanding plaintiff, punishing plaintiff, further reducing Plaintiff's workload, and forcing plaintiff to resign only after Plaintiff objected to discriminatory treatment based on age.

60.     But-for Plaintiff's statutorily protected conduct Defendant retaliated against Plaintiff.  Defendant's actions were willful and done with malice.

61.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered

injury, to which Plaintiff is entitled to legal and injunctive relief.

62.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III
### Age Discrimination in Violation of the ADEA

63.    Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 48 as though fully set forth herein.

64.     Defendant's conduct as herein alleged violated the ADEA, which prohibits age discrimination.

65.     The foregoing actions of Defendant constitute discrimination against Plaintiff and others similarly situated based upon their age. Plaintiff and others similarly situated were subjected to disparate treatment based on their age.

66.     As a proximate result of Defendant's discriminatory actions, Plaintiff and others similarly situated have suffered injury, for which Plaintiff and others similarly situated are entitled to legal and injunctive relief.

67.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV
### Retaliation in Violation of the ADEA

68.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 48 as though fully set forth herein.

69.     Defendant's conduct as herein alleged violated the ADEA, which prohibits retaliation because of statutorily-protected activity.

70.     Plaintiff engaged in statutorily-protected activity under the ADEA by objecting to a demotion, reduction of hours, reduction of pay and adverse employment actions because of his age.  The foregoing actions of Defendant constitute retaliation against Plaintiff because of his

statutorily-protected activity, including Defendant reprimanding plaintiff, punishing plaintiff, further reducing his workload, and forcing plaintiff to resign only after Plaintiff objected to discriminatory treatment based on age.

71.     But-for Plaintiff's statutorily protected conduct Defendant retaliated against Plaintiff.

72.     Defendant's actions were willful and done with malice.

73.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered injury, to which Plaintiff is entitled to legal and injunctive relief.

74.     Plaintiff requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1.     Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate the FCRA, pursuant to Fla. Stat. § 760.11(5), and the ADEA;

2.     Grant all injunctive relief from the effects of Defendant's discriminatory and retaliatory actions, pursuant to Fla. Stat. § 760.11(5);

3.     Grant all injunctive relief necessary to bring Defendant into compliance with the ADEA;

4.     Order Defendant to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions, in amounts to be proven at trial, pursuant to Fla. Stat. § 760.11(5);

5.     Order Defendant to pay liquidated damages pursuant to the ADEA;

6.     Order Defendant to pay compensatory damages for Plaintiff' emotional pain and suffering, in an amount to be proven at trial;

7.      Order Defendant to pay exemplary and punitive damages;

8.      Order Defendant to pay attorneys' fees and costs of the action;

9.      Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

10.     Order Defendant to reinstate Plaintiff and/or pay front pay, pursuant to Fla. Stat. § 760.11(5);

11.     Order Defendant to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial. pursuant to Fla. Stat. § 760.11(5);

12.     Order Defendant to pay exemplary and punitive damages, pursuant to Fla. Stat. § 760.11(5);

13.     Order Defendant to pay attorneys' fees and costs of the action, pursuant to Fla. Stat. § 760.11(5);

14.     Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

15.     Grant any further relief that the Court deems just and proper.

Dated November 19, 2020.

Respectfully submitted,
**WHITTEL & MELTON, LLC**
*/s/ William Sheslow*
William J. Sheslow, Esq.
Florida Bar No.: 92042
Thomas J. Jerla, Esq.
Florida Bar No.: 570958
11020 Northcliffe Boulevard
Spring Hill, Florida 34608
Telephone: (352)683-2016
Facsimile: (352) 556-4839
Will@theFLlawfirm.com
Tjerla@theFLlawfirm.com
service@theFLlawfirm.com
Pls@theFLlawfirm.com
*Attorneys for Plaintiff*

11

# Exhibit A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Robert Schoenstein<br>2253 Norwegian Dr #69<br>Clearwater, FL 33763 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |  |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **511-2020-03213** | **Jesus Gonzalez,**<br>**Investigator** | **(813) 202-7904** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Evangeline Hawthorne*

August 24, 2020.

| Enclosures(s) | **Evangeline Hawthorne,**<br>**Director** | *(Date Mailed)* |
|---|---|---|

cc:

| Sue Eaton<br>Director of Operation<br>JOLLEY TROLLEY<br>410 N Myrtle Ave,<br>Clearwater, FL 33755 | William Sheslow, Esq.<br>WHITTEL & MELTON, LLC<br>11020 Northcliffe Boulevard<br>Spring Hill, FL 34608 |
|---|---|

Enclosure with EEOC
Form 161 (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date.**  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*